# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-85 |
| | ) | |
| ANDREW BEATTY, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 335) for permission to print materials at the Allegheny County Jail ("the ACJ") will be denied, as follows.

Typically, when a defendant seeks permission to use a laptop at the ACJ, it is to review discovery; and the Court enters an order directing: "The Jail shall permit Defendant access to a computer on which his discovery material is stored, subject to the Jail's applicable rules, regulations and/or guidelines." This Defendant, like any other, has a legitimate basis for having such permission; and, indeed, the referenced-Order already was entered on Defendant's behalf, back when he enjoyed legal representation. *See* Order dated Sept. 1, 2015 (Doc. 180).

There is no indication that Defendant has been deprived of this benefit, and the government's Response (Doc. 339) is consistent. *Id.* at ¶ 4 (the relevant-materials have been "provided to [Mr.] Beatty in electronic format and are accessible on the ACJ laptop computer"). So, Defendant's Motion relates only to his inability to print discovery materials and putative court-filings.

Defendant already is receiving all that he is entitled-to under the law. Prisoner-litigants enjoy no constitutional right to printer-access. Duenes v. Wainwright, 2017 WL 6210904, *3 (W.D. Tex. Dec. 7, 2017) ("because prisoners have no federal constitutional right to possess a

typewriter, they logically do not have a constitutional right to a computer [or printer]") (collecting cases). As the government highlights, moreover, Defendant's request for hardcopies of discovery-materials raises significant confidentiality and safety concerns; and those concerns are endorsed and incorporated-by-reference herein.

Bigger-picture, Defendant's dissatisfactions are precisely of-the-type that the Court warned him about at the Hearing on his request to proceed *pro se*. The Court specifically required Defendant to acknowledge, and he did, that "given [his] incarceration status, there may be limitations regarding [his] access to legal and other materials, as compared to an appointed attorney." Under the circumstances, Defendant's present-difficulties hardly inspire sympathy.

Somewhat relatedly, Defendant's Motion reveals that he does not understand the scope of his standby-counsel's appointment. *See* Mot. at ¶ 7 ("[D]efendant has made attempts on . . . standby counsel . . . requesting for paper copies of discovery [sic]"). At the *pro se* Hearing, the Court specifically and narrowly defined the role of standby counsel's appointment: Mr. DeRiso has been appointed "for the purposes of attending, and assisting during, any Court hearings and at trial. *Mr. DeRiso is not authorized to assist Defendant in the conception, drafting or filing of written submissions, including motions, that are required or permitted by the Court.*"

Defendant does not have a constitutional right to standby counsel; and the scope of the appointment was and remains within the Court's discretion. U.S. v. Lawrence, 161 F.3d 250, 253 (4th Cir. 1998) (the court is allowed to "[p]lac[e] reasonable limits on the advice to be given by standby counsel," given that it "[i]s under no obligation to provide [standby representation] in the first instance"); *accord* Weitzel v. Rozum, 2014 WL 2640853, *8 (W.D. Pa. June 12, 2014) (rejecting *pro se* defendant's complaints that he was prejudiced by the limited role of

2

standby counsel, because "the Supreme Court has stated that the primary concern arising out of appointment of standby counsel is that . . . counsel does too much, [not] too little") (citation omitted).

In sum, Defendant − at the *pro se* Hearing − specifically was forewarned regarding the issues addressed in his present Motion. The Court was then, and remains now, concerned that Defendant was so narrowly-focused on achieving his goal of proceeding *pro se*, that he did not grasp the implications of his decision. Indeed, since being granted *pro se* status, Defendant has made statements, and taken legal positions, that appear to confirm the Court's perception that he is "in over his head" − up to and including the present Motion. *See* discussions *supra*; *compare also* Mot. at ¶ 7 ("[D]efendant still awaits on a response [sic] to his Motion to Compel filed on [March 7, 2019]") *with* text-Order dated Mar. 7, 2019 (advising parties that "[t]he Court will not require the government to respond to filed and putative pretrial motions in a piecemeal fashion," and that only "upon the expiration of the latest-extended pretrial motions deadline, of the Defendants collectively," would the government be required to respond); *cf. also* text-Order dated Jan. 30, 2019 (rejecting Defendant's illogical position that his Speedy Trial Act rights were violated, based on counsel's prior-extensions, when Defendant − himself − contemporaneously requested a six-month extension of his pretrial motions deadline); *and* text-Order dated Feb. 4, 2019 (advising Defendant of policy, commonly known to nearly-all lawyers practicing in this District, that discovery materials are not to be filed with the Court).

If Defendant is dissatisfied with the acknowledged restrictions resulting from his decision to waive his constitutionally-protected right to legal representation, that issue certainly may be

revisited.[1]  To be clear, the Court's interest in this matter is limited.  Defendant, not the Court, must bear the consequences of his litigation-decisions.  There is only so much that can be done in the spirit of saving Defendant from himself, and the Court will not speak further on the issue.

    IT IS SO ORDERED.

June 4, 2019                                              s\Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via First-Class U.S. Mail):

Andrew Beatty
119672
950 2nd Ave.
Pittsburgh, PA  15219

cc (via ECF email notification):

All Counsel of Record

---

[1]  By way of a motion for the full-appointment of counsel – and not request(s) to expand the role of standby counsel.  As the Court already has explained, Defendant enjoys no right, constitutional or otherwise, to dictate the terms of standby-appointment.