IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 14-85 |
| v. | ) | |
| | ) | |
| ANDREW BEATTY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 377) for reconsideration of detention, based on Covid-19 health concerns, will be denied.

Defendant is housed at the Allegheny County Jail. The Court is well aware of the facility's current status and continuing mitigation efforts. *See generally* Civil Action No. 20-496 (W.D. Pa., Eddy, Chief M.J., ref'd; Bissoon, D.J., pres.). The Court, moreover, has reviewed the record-information regarding Defendant's health conditions.

As the government highlights, this is a double-presumption case, given the maximum-term of imprisonment on Defendant's drug-charges and his alleged possession of a firearm. While Defendant's health concerns are significant, they must be weighed against the ones informing the pretrial detention determination in the first instance, namely, the risks that Defendant's release will pose in terms of danger to the community and/or potential-flight. *See* Order dated Apr. 17, 2020 in U.S. v. Oscar Carter, Crim. Action No. 18-141 (W.D. Pa., Bissoon, D.J., presiding) (Doc. 197 in 18-141) (citing legal authority). In this case, there are very serious causes for concern. *See* Gov.'s Opp'n Br. (Doc. 388) (highlighting that Defendant is facing a statutory-minimum sentence of 40 years' imprisonment, due in part to his prior federal drug conviction; evidence that he was the leader of a large-scale drug trafficking

organization supplied by a Mexican cartel; and summarizing facts and evidence regarding, among other things, potential means of flight, Defendant's prior violation of release-provisions, and potential dangers to cooperating-witnesses). Defendant's evidence and arguments for release, alone or in combination, do not outweigh the considerations resulting in his detention in the first place – and the Court does not view the question to be a close one.[1]  For these reasons, Defendant's Motion (**Doc. 377**) for reconsideration of detention is **DENIED**.

    IT IS SO ORDERED.


April 21, 2020                                            s\Cathy Bissoon
                                                                             Cathy Bissoon
                                                                             United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1] For the sake of completeness, the Court notes its agreement with the government that Defendant's proposed third-party custodian is particularly unsuitable. *See* Doc. 388 at 14. Even were Defendant to identify a more appropriate custodian, however, the Court's conclusions would remain unchanged. Also, the Court disagrees with defense counsel's suggestion that the provision of an updated Pretrial Service Report might significantly alter the landscape. *Cf.* Doc. 379 (correspondence from Pretrial Services, dated Apr. 9, 2020, indicating that the Office's position regarding detention has not changed).